UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERESA PANTOJA SANTIAGO,<br><br>                  Plaintiff,<br><br>                 -v.-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | 18 Civ. 1226 (KPF)<br><br>**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |

KATHERINE POLK FAILLA, District Judge:

      Pending before the Court is the July 23, 2019 Report and Recommendation from United States Magistrate Judge Barbara Moses (the "Report"), addressing Plaintiff Teresa Pantoja Santiago's complaint for judicial review of the decision of the Commissioner of Social Security (the "Commissioner") denying Santiago's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Judge Moses recommends that Santiago's motion for judgment on the pleadings be granted, the Commissioner's cross-motion be denied, and the case be remanded to the Commissioner for further proceedings.

      The Court has examined the Report and notes that no party has objected within the fourteen-day period from its service, as provided by 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court finds no error in the Report and adopts it in its entirety.

**BACKGROUND**

This summary draws its facts from the detailed recitation in the Report. (*See* Report 1-26). On June 2, 2014, Plaintiff filed an application for DIB and SSI, alleging that she had been disabled since March 31, 2013, due to depression, anxiety, and arthritis. (*Id.* at 1). Plaintiff's application was denied on August 7, 2014. (*Id.*). She requested and was granted a hearing on March 16, 2016, and November 22, 2016, before Administrative Law Judge Seth I. Grossman. (*Id.*). On February 15, 2017, ALJ Grossman issued a written opinion determining that Plaintiff was not disabled within the meaning of the Social Security Act as defined in 42 U.S.C. § 1382c(a), and was not entitled to DIB or SSI. (*Id.* at 1-2). On December 12, 2017, the Appeals Council denied Plaintiff's request for review. (*Id.*).

Plaintiff filed this action on February 12, 2018, seeking judicial review of the Commissioner's determination. (Dkt. #1). Plaintiff moved for judgment on the pleadings on October 22, 2018. (Dkt. #22, 23). The Commissioner filed a cross-motion for judgment on the pleadings on December 21, 2018. (Dkt. #26, 27). Judge Moses's Report was issued and mailed to Plaintiff on July 23, 2019. (Dkt. #31). Objections were due on or before August 6, 2019. (*Id.*). Neither party has objected to the Report.

Judge Moses recommended that this Court grant Plaintiff's motion for judgment on the pleadings, deny the Commissioner's motion, and remand the matter to the Commissioner for further proceedings. (Report 48). Judge Moses found, first, that ALJ Grossman did not err in discounting the opinion of Dr.

2

Eng Kock Chan Tan, because Dr. Tan's opinion was not entitled to controlling weight and was inconsistent with Plaintiff's treatment notes and other evidence in the record. (*Id.* at 29-34). Next, Judge Moses determined that ALJ Grossman's analysis of Plaintiff's mental residual functional capacity contained internal inconsistencies, and that the resulting determination was not supported by substantial evidence. (*Id.* at 34-41). Finally, Judge Moses found that ALJ Grossman erred in determining that other work existed that Plaintiff was capable of doing, because there was insufficient evidence in the record to suggest that Plaintiff could perform a home companion job.

Judge Moses recommended that the action be remanded to the Commissioner for further proceedings, and specifically found that, on remand:

(i) The ALJ should not ask any medical source, including a testifying medical expert, to "decide [plaintiff's] RFC," such as by testifying to the conclusion that she is capable of working at a specific exertional level, or to opine as to whether Plaintiff can perform a particular job.

(ii) The ALJ should formulate an intelligible RFC, supported by substantial evidence in the record, that provides a function by function assessment of Plaintiff's physical and mental capacities.

(iii) If the ALJ once again determines that Plaintiff is subject to a significant nonexertional limitation, he must call a vocational expert, and should put a complete hypothetical to that expert that incorporates all of Plaintiff's impairments.

(iv) The Appeals Counsel should consider whether, in light of the errors described above, this matter should be assigned to a different ALJ for any further hearing.

(Report 48).

3

**DISCUSSION**

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Grassia* v. *Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may also accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Ramirez* v. *United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012) (citation omitted). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed.'" *Easley* v. *Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States* v. *U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A party's failure to object to a report and recommendation, after receiving clear notice of the consequences of such a failure, operates as a waiver of the party's right both to object to the report and recommendation and to obtain appellate review." *Grady* v. *Conway*, No. 11 Civ. 7277 (KPF) (FM), 2015 WL 5008463, at *3 (S.D.N.Y. Aug. 24, 2015) (citing *Frank* v. *Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)).

Because the Commissioner has not filed an objection, he has waived his right to object and to obtain appellate review. Even so, the Court has reviewed the Report and finds that its reasoning is sound and it is grounded in fact and law. Accordingly, the Court finds no clear error and adopts the Report in its entirety.

4

## CONCLUSION

The Court has thus reviewed the Report for clear error and finds none. The Court agrees completely with Judge Moses's thoughtful and well-reasoned Report and hereby adopts its reasoning by reference. Accordingly it is hereby ordered that Plaintiff's motion for judgment on the pleadings is GRANTED, and the case is REMANDED to the Commissioner for further proceedings consistent with the Report. Further, the Commissioner's cross-motion for judgment on the pleadings is DENIED.

The Clerk of Court is directed to terminate the motions at docket entries 22 and 26, and close this case.

SO ORDERED.

Dated: August 13, 2019
       New York, New York

KATHERINE POLK FAILLA
United States District Judge